# United States Court of Appeals for the Tenth Circuit
### OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

**Elisabeth A. Shumaker**
Clerk of Court

**Douglas E. Cressler**
Chief Deputy Clerk

May 1, 2006

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY - 1 2006

GREGORY C. LANGHAM
CLERK

Mr. Roy A. Melanson
4-LCF
117654
49030 St Hwy 71
Limon, CO 80826

Mr. John W. Suthers
Attorney General
State of Colorado
Department of Law
1525 Sherman Street, 5th Floor
Denver, CO 80203

Re:  06-1181, Melanson v. Colorado Dept.
     Dist/Ag docket:  00-CV-00931 RPM

Dear Counsel and Petitioner:

Enclosed is a copy of an order entered today in this case.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk, Court of Appeals

By:
    Deputy Clerk

clk:klp

cc:    Gregory C. Langham, Clerk

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

ROY A. MELANSON,

  Petitioner,

v.

COLORADO DEPARTMENT OF
CORRECTIONS,

  Respondent.

No. 06-1181

ORDER
Filed May 1, 2006

A true copy
Teste

Elisabeth A. Shumaker
Clerk, U.S. Court of
Appeals, Tenth Circuit

By
Deputy Clerk

Before **BRISCOE**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

  This matter is before the court on a motion by Roy A. Melanson seeking authorization to file a second or successive 28 U.S.C. § 2254 petition pursuant to 28 U.S.C. § 2244(b)(2). We deny the motion for the reasons stated below.

  Melanson was convicted of first-degree murder following a jury trial in 1993. *See generally People v. Melanson*, 937 P.2d 826 (Colo. Ct. App. 1996). In 2000, he filed a § 2254 petition challenging this conviction on numerous grounds that were ultimately rejected on the merits. *See generally Melanson v. Colo. Dep't of Corr.*, 64 F.App'x 704 (10th Cir. 2003). His present challenge to this conviction is therefore governed by the provisions of § 2244(b).

The claims Melanson seeks to pursue concern alleged noncompliance with state appointment, oath, and bonding requirements for the presiding judge and prosecuting attorneys at his trial. As these matters do not turn on constitutional principles newly established by the United States Supreme Court, the exception in § 2244(b)(2)(A) is inapplicable. Indeed, Melanson appears to rely exclusively on the exception in § 2244(b)(2)(B) for claims involving newly discovered factual predicates. To satisfy this exception, however, his claims must demonstrate that "no reasonable factfinder would have found [him] guilty of the underlying offense," § 2244(b)(2)(B)(ii), i.e., they must show "his *innocence* by clear and convincing evidence." *Calderon v. Thompson*, 523 U.S. 538, 558 (1998) (noting central concern for finality in criminal proceedings absent "strong showing of actual innocence") (emphasis added). But complaints about the presiding judge at a jury trial "do[] not add to or subtract from the evidence of [the defendant's] guilt" and, thus, have "nothing to do with [the defendant's] actual innocence." *Villafuerte v. Stewart*, 142 F.3d 1124, 1126 (9th Cir. 1998) (holding claim of judicial bias does not implicate exception); *see also Outlaw v. Sternes*, 233 F.3d 453, 455 (7th Cir. 2000). The same basic point applies to formal objections about prosecutors' oaths and bonds as well.

We may authorize the filing of a second habeas petition only upon "a prima facie showing that the application satisfies the requirements of [§ 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(C). No such showing has been made here.

The motion for authorization is DENIED and the matter is DISMISSED. This order is not subject to further review by way of rehearing, appeal, or writ of certiorari. *See* 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court
ELISABETH A. SHUMAKER, Clerk

By: _____
Deputy Clerk